■ ALICE A. GALBREATH, Appellant, v. NEW YORK STATE REALTY LIQUIDATING CORP., Respondent, et al., Defendant.— Appeal from an order entered on a decision at a Trial Term, Supreme Court, Albany County. Defendant-respondent is the owner of a building which was rented to defendant Burnett. Plaintiff was a subtenant of defendant Burnett and fell on the stairway. Her fall was due to an accumulation of oil on the stairway. She describes the bannister as shaky and rickety, but it did not give way or break as she slipped and how its condition entered into the causation of the fall is not shown. The hallway at this point was dark; there was a light fixture, but it contained no bulb. On this state of facts the complaint had been dismissed by the Trial Term as against the corporate defendant owner. Where the entire premises are demised, the owner ordinarily retains no responsibility for defects in the premises which cause injury unless the defects are latent and known to the lessor to exist; or unless the owner retains control of the premises or the part of the premises found to be dangerous. There is no proof that plaintiff's fall was due to a defect in the premises; but rather to the manner in which it was maintained in respect of oil being left on the stairs and the hall being unlighted. The owner would not be responsible for maintenance on the facts shown by this record. The proof in support of plaintiff's contention of retention of control by the owner of the maintenance of the premises was that the owner had paid two plumbing bills. But it is uncontradicted that these were paid for the financial accommodation of the general tenant and were repaid to the owner by her. In this state of the record there is insufficient proof to establish retention of control by the owner. Order and judgment affirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ. concur.

■ In the Matter of SAUL WOLF, on Behalf of Himself and All Other Persons Similarly Situated, Appellant, against PAUL D. APPLEBY, as Director of the Budget of the State of New York, Respondent.— Appeal from an order of the Supreme Court, Special Term, Albany County which dismissed a petition in a proceeding under article 78 of the Civil Practice Act. Petitioner is employed by the State Liquor Authority as a beverage control investigator. Pursuant to chapter 307 of the Laws of 1954 petitioner's title was allocated to grade 13. Application was then made to the director of classification and compensation for reallocation to grade 14. This application was denied, and an appeal was then taken to the classification and compensation appeals board, which reallocated the title to grade 14. On April 14, 1956 the Director of the Budget declined to approve the reallocation to grade 14 on the basis of a comparison of the duties of beverage control investigator with those of other investigative positions in the State service. The petition herein alleges that the action of the Director of the Budget was not based upon fiscal reasons, and was arbitrary and capricious, with no basis in law and fact to sustain it. We think the Director of the Budget was not bound by the determination of the classification and compensation appeals board. Section 39-a of the Civil Service Law gives the Budget Director the power of

ultimate approval or disapproval of classifications (*Matter of Cook* v. *Burton*, 276 App. Div. 808). No standards of approval or disapproval are set up to guide the Budget Director but implicit in the statutory scheme is the necessity, under the State salary plan, for the retention of final authority in the Budget Director as representing the executive branch of the government. We find nothing in the petition to indicate the exercise of arbitrary or capricious power, and the Special Term so held. Order affirmed without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.